IOWA BARB STEEL-WIRE Co. *v.* SOUTHERN BARBED-WIRE Co.

*(Circuit Court, E. D. Missouri, E. D.* April 22, 1887.)

1. PATENTS FOR INVENTIONS—LICENSE—OPTION CONTRACT.
   A. and B. entered into an option contract, whereby A. agreed, for a valuable consideration, to sell B. a certain patent, for a specified sum, in case B. should elect to buy within 60 days after final decree in a contemplated suit for infringement, and also agreed to bring no suit for infringement against B. or his licensees, except the one specified, until the expiration of said 60 days. *Held*, that the contract did not amount to a license to parties, whom B. had licensed to manufacture an infringing article, to continue its manufacture until the expiration of the option.

2. SAME—INJUNCTION—CONTEMPT.
   Where a party is led to disobey an injunction in a patent suit, through a mistake as to the legal effect of a contract entered into by the complainant, he should not be punished as if guilty of willful contempt of court, but should be discharged upon payment of costs.

In Equity.

Rule upon John W. Gates, Alfred Clifford, and Charles H. Rowe, defendants in the above-entitled case, to show cause why they should not be committed for contempt in continuing to manufacture, as officers of the Southern Wire Company, wire adjudged by the court in this cause, to be an infringement of complainant's patent. The respondents answer that said wire company was licensed by the Washburn & Moen Manufacturing Company and I. L. Ellwood, long prior to the decree in this case, to manufacture the wire adjudged to be an infringement of complainant's patent, and that respondents have manufactured the infringing article as officers of the Southern Wire Company, in the belief that said company was licensed to continue the manufacture of said wire during the time they manufactured it as its officers, by an option contract entered into between the complainant and said Washburn & Moen Manufacturing Company, whereby the former agreed for a valuable consideration, to sell the patent alleged to have been infringed by respondents, and assign all damages that might be recovered, to the Washburn & Moen Manufacturing Company for a sum specified, provided that com-

pany should elect to buy, within 60 days after the entry of a final decree in this suit; and whereby the complainant also agreed to bring no suit, except this one for the infringement of said patent, against the Washburn & Moen Manufacturing Company, or its licensees, until after the expiration of said 60 days. For previous opinion, on motion for attachment for contempt, see 29 Fed. Rep. 123; for opinion as to infringement, see 29 Fed. Rep. 863.

John R. Bennett and W. M. Kinsey, for complainant.

J. M. Holmes and Walker & Walker, for respondents.

THAYER, J., (orally.) In the case of the Iowa Barb Steel-Wire Company against the Southern Barbed-Wire Company, when a rule was granted a few weeks ago against certain of the defendants requiring them to show cause why they should not be punished for contempt in violating the injunction, the only questions reserved were the questions—First, whether the defendants, in doing the act complained of, were protected by a license from the complainant or its assignees, granted the "Southern Wire Company;" and, secondly, in the event that the license pleaded was held to be ineffectual, whether the defendant had acted in good faith under the belief that such license authorized the act complained of. Upon an examination of the contract between the Iowa Barb Steel-Wire Company and the Washburn & Moen Manufacturing Company, upon which the license depends, we are both of the opinion that the contract is not in the nature of a license, and that it is insufficient to support the claim made by these defendants that the Iowa Barbed Steel-Wire Company has granted them the right to manufacture the wire in question. We are furthermore of the opinion, upon looking into the return made by these defendants, that it is most probable that the defendants have, in doing the acts complained of, acted in good faith, under the belief that the contract in question authorized them to do what they are accused of having done, and, inasmuch as it appears that they ceased to manufacture the wire as soon as these proceedings were begun, until a construction had been placed upon such contract, that they are not guilty of any willful contempt of court, and should not be punished as if so guilty.

We therefore discharge the rule in this case, upon payment of costs by the defendant, holding, however, that the contract under which they have heretofore claimed the right to manufacture the wire in question is ineffectual to give them any such right.